**THE FLEISHMAN LAW FIRM**
Charles J. Fleishman Bar# 46405
erisa@erisarights.com
Paul A. Fleishman Bar# 251657
paulfleishman@gmail.com
21243 Ventura Blvd. #141
Woodland Hills, CA 91364
Telephone: (818) 805-3161
FAX: (818) 805-3163
Attorneys for **Plaintiff**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE RUTLEDGE ) | NO. |
| ) | |
| Plaintiff, ) | COMPLAINT FOR BENEFITS |
| ) | UNDER AN EMPLOYEE |
| vs. ) | BENEFIT PLAN |
| ) | |
| HEALTH NET SHORT TERM ) | |
| DISABILITY PLAN, an ERISA plan; ) | |
| SEDGWICK CMS, a corporation; HEALTH ) | |
| NET LONG TERM DISABILITY PLAN, an ) | |
| ERISA plan; CIGNA, a corporation; ) | |
| HEALTH NET, INC., a corporation; DOES ) | |
| 1 through 10, inclusive, ) | |
| ) | |
| Defendants. ) | |

COMES NOW THE PLAINTIFF, MARIE RUTLEDGE, and for cause of action against all defendants, alleges as follows:

# FIRST CAUSE OF ACTION
## (BENEFITS UNDER ERISA SHORT TERM DISABILITY POLICY)

1. JURISDICTION.  This court has subject matter jurisdiction of this dispute without regard to the citizenship of the parties pursuant to 29 USC 1132(a)(1)(A), (a)(1)(B) and (e)(1).

2. Plaintiff is and was at all times herein mentioned, a resident of the County of Sacramento, State of California.

4. Defendant Health Net, Inc. is a corporation pursuant to the laws of one or more of the states of The United States and was, at all times relevant hereto, the Plan Administrator of the ERISA governed Health Net Short Term Disability Plan (hereinafter "STD Plan") and Health Net Long Term Disability Plan (hereinafter "LTD Plan") obliged to provide the benefits that the Plaintiff herein seeks.

4. Defendant Sedgwick CMS is a corporation pursuant to the laws of one or more of the states of The United States and was, at all times relevant hereto, the administrator of the STD Plan.

5. At all times herein mentioned, Plaintiff was entitled to short term disability benefits as well as other benefits under the STD Plan.  Said benefits were to be given to the Plaintiff should she become disabled.

6. Plaintiff is unaware of the true names and capacities of defendants named herein as DOES 1 through 10 and has therefore named such defendants by such fictitious names.  Plaintiff will ask leave of court to amend the complaint to state the true names and capacities of the DOE defendants when the same are ascertained.

7. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants was acting as the agent and employee of each of the remaining defendants with regard to all actions described herein and all benefits due plaintiff and all damage caused to plaintiff.

8. Plaintiff was employed by Health Net when she became disabled on or about October 28, 2015.  Although she attempted a brief return to work, Ms.

Rutledge was unable to perform her job due to her disability and stopped working after a couple days. As an employee of Health Net she was eligible for the protection of the STD Plan. When she became disabled, she became eligible for the disability benefits of the STD Plan and to other benefits.

9. Plaintiff submitted a claim for short term disability benefits to the Plan. On November 13, 2015 Sedgwick denied Ms. Rutledge's claim. Plaintiff timely appealed the denial of her disability benefits, and Sedgwick denied her final appeal in a letter dated March 30, 2017. In its final denial letter Sedgwick wrote "Ms. Rutledge has exhausted her appeal rights under the Plan and has a right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended." Plaintiff has exhausted her administrative remedies under the STD Plan.

## SECOND CAUSE OF ACTION
## (BENEFITS UNDER ERISA LONG TERM DISABILITY POLICY)

10. Plaintiff re-alleges Paragraphs 1 through 9, inclusive, of this Complaint, as though fully set forth herein.

11. Defendant CIGNA is a corporation pursuant to the laws of one or more of the states of The United States and was, at all times relevant hereto, the administrator of the LTD Plan.

11. At all times herein mentioned, Plaintiff was entitled to long term disability benefits as well as other benefits under the LTD Plan. Said benefits were to be given to the Plaintiff should she become disabled.

12. Plaintiff submitted a claim for long term disability benefits under the LTD Plan.

13. Plaintiff did not receive any denial letter from CIGNA regarding her long term disability claim until July 19, 2017.

14. Plaintiff wrote to CIGNA and Health Net, Inc. on May 22, 2017, June 7, 2017, June 16, 2017, June 28, 2017, June 30, 2017, and July 7, 2017, seeking the entire administrative record, including any denial letter.

15.  In a letter dated June 7, 2017, CIGNA employee Carlos A. Figueroa claimed that a denial letter dated July 1, 2016 had previously been sent to Plaintiff.

16.  In a letter dated June 21 2017, CIGNA employee Anna Osipova claimed that Plaintiff's claim had been denied on July 5, 2016.

17.  In the letter dated June 21, 2017, Anna Osipova notified Plaintiff that she could not appeal the denial of her long term disability benefits.

18.  The LTD Plan requires that Plaintiff be disabled during the period that the STD Plan pays benefits.  So, appealing the denial of Plaintiff's long term disability claim is futile so long as Plaintiff's short term disability benefits are denied

19.  Plaintiff has been denied the benefits which are due her under the STD and LTD Plans and has suffered and is continuing to suffer economic loss as a result thereof from October 28, 2015.  Plaintiff is entitled to an award of interest on all benefits wrongfully withheld.

20.  Plaintiff has been required to hire attorneys to represent her in this matter and to recover benefits due her under the Plan.  Plaintiff has and will incur attorney fees.  The exact amount is unknown to Plaintiff and she seeks leave to amend this complaint when the same has been ascertained or at the time of trial according to proof.

WHEREFORE, plaintiff prays judgment against the defendants and each of them as follows:

1.  For all benefits due her in the past and future under the Disability Plan plus interest;

2.  For a declaration by this court that, if in fact she is found to have been and/or continues to remain disabled under the terms of the controlling Plan

documents, that all benefits provided to Plan participants while they are disabled under the Plan and any other applicable welfare or pension benefit plans covering Plaintiff, be reinstated retroactive to the date of her disability.

    3. For reasonable attorney fees;

    4. For costs of suit; and

    5. For such other and further relief as this court may deem just and proper.


DATED:   July 31, 2017

                                                  /s/Paul Fleishman

                                                  PAUL FLEISHMAN